MICHIGAN BELL TELEPHONE COMPANY *v.*
CHARLES J. ROGERS, INC.

Negligence—Evidence—Knowledge of Underground Cable.

Holding of trial court that use of a mechanical trencher on a construction project where defendant was warned there was an underground telephone cable in the area was negligent *held,* not clearly erroneous where there was conflicting evidence as to the prudence and advisability of using a mechanical trencher in such an area, and of defendant's knowledge of the presence and location of the cable.

Appeal from Common Pleas Court of Detroit, Szymanski (Henry J.), J. Submitted Division 1 April 3, 1968, at Detroit. (Docket No. 4,021.) Decided October 24, 1968.

Complaint by Michigan Bell Telephone Company, a Michigan corporation, against Charles J. Rogers, Inc., a Michigan corporation, to recover the costs of repairing an underground telephone cable. Judgment for plaintiff. Defendant appeals. Affirmed.

*Dingell, Hylton & Zemmol* (*David E. Eason,* of counsel), for plaintiff.

*Sullivan, Sullivan & Ranger* (*Richard G. Ward,* of counsel), for defendant.

---

Reference for Points in Headnote
38 Am Jur, Negligence § 23.

J. H. GILLIS, P. J.   Plaintiff brought this action in the common pleas court for the city of Detroit to recover the cost of repairing an underground telephone cable.   Defendant's employee severed the cable while operating a trenching machine on a construction project under contract with the State highway department.

The trial judge found defendant was negligent in using a trencher in an area in which it had knowledge of a possible conflict with an underground cable. Evidence indicates that defendant was warned of the existence of the cable and that the path of the cable was marked by staking.   It does not appear that there was any accurate information available as to the depth of the cable at the point at which it was cut.

In his opinion, the trial judge stated:

"I think it is not unreasonable to expect a trenching company or a construction company to proceed with as much caution, even to hand-dig in an area where a possible six inch conflict might occur.   The reliance on a mechanical device without taking into consideration many of the other factors that could contribute to error; the reliance on a mechanical device to miss a cable known to exist in an area by six inches, I do not think is an indication of reasonable behavior on the part of the operators."

The record indicates the conflicting evidence as to the prudence and advisability of using a mechanical trencher in an area of known conflict with an underground telephone cable.   Likewise, conflicting evidence was introduced as to defendant's knowledge of the conflict and its knowledge of the location of the cable.   On our review of this record we cannot say that the trial judge's resolution of the conflict-

ing evidence was clearly erroneous (GCR 1963, 517.1); *Denby* v. *Sheridan* (1966), 3 Mich App 641. Affirmed. Costs to plaintiff.

FITZGERALD and McGREGOR, JJ., concurred.